UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**TEARA CODY,**

    **Plaintiff,**

v.

**MILLERCOORS, LLC,**

    **Defendant.**

                                                       /

**CASE NO. _____**
**GBN: 121837**

## COMPLAINT

Plaintiff, TEARA CODY, hereby sues Defendant, MILLERCOORS, LLC, and alleges:

NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §2000e, *et seq.* and 42 U.S.C. §1981.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

THE PARTIES

3. At all times pertinent hereto, Plaintiff, TEARA CODY, has been a resident of the State of Georgia and was employed by Defendant. Plaintiff is a member of a protected class because of her race (black), and due to the fact that Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, MILLERCOORS, LLC, has been organized and existing under the laws of the State of Georgia or has done business within the jurisdiction that subjects it to the jurisdiction of this Court within this venue. At all times pertinent

to this action, Defendants have been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff has received her Right to Sue letter, and this action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was originally employed with Defendant on or about March 21, 2016. Plaintiff began as a second-shift "filler operator" in Defendant's packaging department. In or about November 2018, Plaintiff was wrongfully suspended for allegedly delaying the implementation of instructions from management, allegedly displaying disrespect to management; allegedly failing to follow work instructions; and more generally allegedly neglecting her duties, assignments and quality of work expectations. Defendant also accused her of leaving her assigned work area without appropriate permission. Plaintiff denies that she engaged in all these alleged violations of policy and procedure, but further says that non-black employees were not held to the same standard and were allowed to engage in the same or substantially similar violations without consequence. In this respect, Defendant enforced its policies and procedures in a racially-discriminatory manner. Defendant fired Plaintiff on pretextual grounds.

7. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the statutory fee provisions of 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

## COUNT I

## RACE DISCRIMINATION

7. Paragraphs 1-7 are realleged and incorporated herein by reference.

8. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981 and 42 U.S.C. §2000e et seq.

9. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendant who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

10. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

11. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

12. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

13.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. 1981 and also §2000e *et seq.*

14.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.

## COUNT II

### RETALIATION

15.     Paragraphs 1-7 are realleged and incorporated herein by reference.

16.     Defendant is an employer as that term is used under the applicable statutes referenced above.

17.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e *et seq.*, and 42 U.S.C. §1981.

18.     The foregoing unlawful actions by Defendant were purposeful.

19.     Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

20.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

21. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff, and reinstating Plaintiff to her position, further awarding Plaintiff all lost income and benefits because of her wrongful termination;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

\ (d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest and liquidated damages; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 24th day of September 2020.

        Respectfully submitted,

/s/   Jim Garrity
Jim Garrity [GBN 121837]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:   (850) 383-4800
Facsimile:    (850) 383-4801

ATTORNEYS FOR PLAINTIFF